IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Chavis T. Miller, #265480,      )    C.A. No. 2:07-3149-PMD

                )

        Petitioner,      )

                )

vs.                )    **ORDER**

                )

Warden, A.J. Padula,      )

                )

        Respondent.    )

                )

This matter is before the court upon the magistrate judge's recommendation that respondent's motion for summary judgment be granted and petitioner's motion for summary judgment be denied. The petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on September 19, 2007. Because petitioner is proceeding pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate

---

[1]Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the magistrate judge is authorized to review pretrial matters and submit findings and recommendations to this Court.

court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2] The Magistrate filed his report

and recommendation on March 31, 2008. Petitioner filed his timely objections to the magistrate

judge's report on April 18, 2008.

A review of the petitioner's objections and the record indicates that the magistrate judge's

report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's

report is incorporated into this order.

Petitioner's objections essentially reiterate allegations in section one of his motion for

summary judgment. However, liberally construing petitioner's objections, the court determines he

has stated an objection to the magistrate judge's determination that ground one fails because the

subject matter jurisdiction of a state court is a state law issue not cognizable in this federal habeas

action.

In ground one of his § 2254 petition, Miller asserts he is entitled to relief because "[t]he

murder indictment fails to state the time and place of death as required by S.C. Code § 17-19-30

((Rev. 2003))." (Pet. at 5.)  Having reviewed Miller's petition and his objections, the court

concludes the magistrate judge correctly determined ground one is not cognizable on federal habeas

review.  In *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998), the petitioner argued he was entitled

to a new trial because the state circuit court lacked jurisdiction over two counts of his indictment;

he argued that, contrary to what was done in his case, "Virginia law require[d] that any charges

---

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

brought against him must have originated in the juvenile court and be examined by the juvenile court in a transfer hearing before the circuit court may obtain jurisdiction over the charges." *Wright*, 151 F.3d at 157. The Fourth Circuit rejected the petitioner's claim:

> It is black letter law that a federal court may grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a) (West Supp. 1998); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") Because [the petitioner's] claim, when pared down to its core, rests solely upon an interpretation of Virginia's case law and statutes, it is simply not cognizable on federal habeas review. *See Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

*Wright*, 151 F.3d at 157. Much like in *Wright*, the petitioner in the case *sub judice* argues for relief on the basis that the indictment did not comply with South Carolina law. As the magistrate judge determined, this claim is simply not cognizable on federal habeas review. Furthermore, to the extent Miller now seeks to argue the indictment's failure to allege time and place of death violates the Constitution or federal law, that argument must be rejected, as he did not properly present this argument in the state courts. Miller's objections are thus without merit.

Accordingly, this court agrees with the magistrate judge and finds that respondent's motion for summary judgment is **granted,** and petitioner's motion for summary judgment is **denied**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

April 22, 2008
Charleston, South Carolina

3

## <u>NOTICE OF APPEAL</u>

Petitioner is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.